JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMBIZ YOUABIAN,<br>　　　Petitioner,<br><br>　　　　　v.<br><br>WARDEN BIRKHOLZ,<br>　　　Respondent. | 2:25-cv-07775-DSF<br><br>Order DENYING Petition for Writ of Habeas Corpus |

　　　Petitioner Kambiz Youabian filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. 1 (Pet.).  Respondent B. Birkholz responded to the merits of the Petition in his Reply in support of his motion to dismiss the petition.  Dkt. 20 (Reply) at 5-7.  For the reasons discussed below, the Petition is DENIED.

## I. BACKGROUND

　　　On January 29, 2024, Youabian was sentenced in the United States District Court for the Central District of California to 30 months of imprisonment and three years of supervised release for mail fraud and the introduction and delivery of a misbranded medical device into interstate commerce.  Dkt. 20-1 (Vega Decl.), Ex. A (Public Information Inmate Data Report) at 2.  Youabian is currently housed at a Residential Reentry Center.  Vega Decl. ¶ 4.

　　　On August 18, 2025, Youabian filed the instant Petition, claiming that the Federal Bureau of Prisons (BOP) failed to credit him with the correct number of "Federal Time Credits" pursuant to 18 U.S.C. § 3632(d)(4) of the First Step Act (FSA). Pet. Attach. 13, at 1-3.

Respondent moved to dismiss, arguing that this Court lacked jurisdiction over Youabian's claims. Dkt. 7. In its Reply, Respondent raised, for the first time, arguments addressing the merits of Youabian's claims. Reply at 5-7. The Court denied Respondent's motion with respect to jurisdiction and granted Youabian leave to file a surreply no later than October 10 addressing Respondent's merits arguments. Dkt. 21. Youabian failed to do so.

## II. LEGAL STANDARD

"Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241." United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

## III. DISCUSSION

Under the First Step Act, a prisoner "who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:

> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities."

18 U.S.C. § 3632(d)(4)(A).  These earned time credits are then "applied toward time in prerelease custody or supervised release."  Id. § 3632(d)(4)(C).

The question presented by Youabian's Petition is: when do prisoners determined to be at a minimum or low risk for recidivating begin to earn time credits at a rate of 15 days for every 30 days of participation in recidivism reduction programs or productive activities?  The "BOP interprets this provision to mean that inmates can only start to earn 15 days' credit for every 30 days of programming after they have maintained a minimum or low risk of recidivism over two consecutive assessments."  Reply at 2.  Youabian argues, however, that once he was determined to be at a minimum risk of recidivating—and had maintained that risk level over two assessments—he should have received 15 days' credit for the entire period in which he participated in recidivism reduction programs or productive activities, including the period before his second assessment.  Pet. Attach. 13, at 2-3.

Because the question presented is one of statutory construction, the Court "begin[s] by analyzing the statutory language, 'assum[ing] that the ordinary meaning of that language accurately expresses the legislative purpose.'"  Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 251 (2010) (quoting Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 175 (2009)).  Courts "must enforce plain and unambiguous statutory language according to its terms[,]" id., and "read 'words in their context and with a view to their place in the overall statutory scheme,'" Meyers v. Birdsong, 83 F.4th 1157, 1160 (9th Cir. 2023) (quoting Tovar v. Sessions, 882 F.3d 895, 901 (9th Cir. 2018)).

Subsections (i) and (ii) of 18 U.S.C. § 3632(d)(4)(A) operate together.  Subsection (i) establishes the baseline rate at which prisoners "shall earn time credits" once they "successfully complete[] evidence-based recidivism reduction programming or productive activities" at a rate of "10 days of time credits for every 30 days of successful participation[.]"  18 U.S.C. § 3632(d)(4)(A)(i).

3

Subsection (ii) contemplates an enhanced rate and adds two qualifying relative clauses to "prisoner." Under subsection (ii), a prisoner (1) "determined by the Bureau of Prisons to be at a minimum or low risk for recidivating," and (2) "who, over 2 consecutive assessments, has not increased their risk of recidivism," receives an enhanced rate of "an additional 5 days of time credits for every 30 days of successful participation." Id. § 3632(d)(4)(A)(ii). Therefore, to earn at a rate of 15 days of time credits, a prisoner must first meet two conditions: (1) a determination that the prisoner is "at a minimum or low risk of recidivating," and (2) that the risk of recidivism does not increase "over 2 consecutive assessments." Id.

Youabian argues, however, that the word "every" in subsection (ii) means that the 15-day rate should be applied to the entire period of successful participation in recidivism reduction programming or productive activities. Pet. Attach. 13, at 2 (emphasizing "EVERY"). But that is not how the word "every" operates in the provision.

Instead, "every" is used in the prepositional phrase "for every," which has a meaning similar to the preposition "per," used to express a rate. See *Per*, Oxford English Dictionary (June 2025), https://doi.org/10.1093/OED/1058925883 (last visited Oct. 14, 2025) (defining "per" in the "distributive sense" as "For each——, for every———. Used after a statement of number or quantity to express a rate or proportion, as **per day**, **per dozen**, **per head**, etc."). In other words, another way to express the relevant portion of subsection (ii) would be: "an additional 5 days of time credits [per] 30 days of successful participation[.]" 18 U.S.C. § 3632(d)(4)(A)(ii).

Under Youabian's reading, once a prisoner meets the two qualifying conditions in subsection (ii), the BOP must apply the 15-day rate retroactively, back to the date the prisoner was first determined to be at a minimum or low risk. Pet. Attach. 13, at 2. But the provision simply does not contain anything to suggest such retroactive application. See Rollins v. Rardin, No. 23-11316, 2025 WL 2301180, at *2 (E.D. Mich. July 15, 2025) (rejecting petitioner's retroactive reading

4

and noting that "[f]ederal courts that have considered this issue have all reached the same conclusion"; collecting cases).[1]

The Court finds that the BOP's interpretation aligns with the plain meaning of the statute.[2]

## IV. CONCLUSION

Petitioner's petition for a writ of habeas corpus is DENIED.

IT IS SO ORDERED.

Date: October 17, 2025

Dale S. Fischer
United States District Judge

---

[1] Youabian also argues that the auxiliary verb "shall" is a command, making 18 U.S.C. § 3632(d)(4)(A)(ii) mandatory. The Court agrees. Dkt. 21 at 3 (finding the auxiliary verb "shall" means there was no discretion committed to the BOP). But that the provision is mandatory does not support Youabian's interpretation.

[2] Youabian makes additional fairness and policy arguments, but "where, as here, the words of [a] statute are unambiguous, the 'judicial inquiry is complete.'" Babb v. Wilkie, 589 U.S. 399, 413 (2020) (alteration in original) (quoting Desert Palace, Inc. v. Costa, 539 U.S. 90, 98 (2003)).